## 11043

### WORKMAN v. THROWER
### WORKMAN v. BARROW *ET AL.*

(114 S. E., 409)

1. EXECUTION—DEPUTY'S TESTIMONY THAT HE MADE LEVY WILL NOT PREVAIL AGAINST SHERIFF'S RETURN SHOWING NO LEVY.—A deputy's testimony that he levied on an automobile will not prevail against the sheriff's return, showing defendant in execution denied ownership when levy was attempted, and therefore the deputy "did not take possession of the said automobile."

2. EXECUTION—ORDER AGAINST PARTY IN CONTEMPT MUST BE LIMITED TO THE CHARGE IN ORDER TO SHOW CAUSE.—Where, in a contempt proceeding, petitioner had shown only that defendant had no connection with the automobile alleged to have been levied on, other than that it had been in the building where defendant conducted his business, and that it had been removed therefrom, an order requiring defendant to inform the sheriff where he could get the automobile was reversible, as not confined to defendant's alleged conduct, and as transgressing defendant's indictment in the show cause order, reciting only that the defendant was keeping the automobile beyond reach of process.

3. EXECUTION—DEFENDANT IN EXECUTION HELD NOT RESPONSIBLE FOR REMOVAL OF AUTOMOBILE.—Where an automobile sold under an alleged levy was owned by and in the showrooms of parties other than defendant in execution and mortgaged by them to a bank, defendant in execution, denying ownership, could not be held responsible for its subsequent removal from the sheriff's control merely because he also conducted an automobile business in the same building.

4. EXECUTION—ENGAGEMENT BY ONE NOT THE OWNER TO HOLD PROPERTY LEVIED ON FOR SHERIFF IS MERELY PERSONAL BETWEEN THEM.—

An engagement by a party to hold property for the sheriff under a contemplated levy would not constitute him the sheriff's agent, unless the sheriff had taken possession, and though the sheriff took possession, such engagement by one not the owner would be merely personal between them.

Before Bowman, J., Richland. September 1921. Reversed.

Action by R. C. Workman against L. A. Barrow, and T. E. Thrower, partners as the Barrow Motor & Truck Company. Judgment for plaintiff. Thereafter a proceeding for contempt was instituted by R. C. Workman against the Sheriff of Richland County and T. E. Thrower, defendant in execution. From an order adjudging Thrower's answer insufficient, and that, if he did not deliver property alleged to have been levied on to the sheriff, or state its whereabouts, he be committed to jail, Thrower appeals. Order reversed.

*Messrs. Tompkins, Barnett & McDonald,* for appellant, cite: *Civil contempt:* 49 S. C., 199; 67 S. C., 239. *Requisites of levy:* 1 Civ. Code, 1912, Sec. 3689; 53 S. C., 380; 37 S. C., 111; 80 S. C., 144. *Verified return not disproven will stand:* 73 S. C., 193; 6 R. C. L., 5345. *Bidder at execution sale must comply:* 109 S. C., 19. *Order of commitment not sufficiently definite:* 6 R. C. L., 535, par. 48. *Requirement of indemnity bond improper:* 98 S. C., 422; 28 S. C., 53.

*Messrs. Graydon & Graydon,* for respondent, cite: *Memorandum of levy sufficient for personal property:* 10 Rich. L., 395; 2 Rich. L., 146; Code Proc., 1912, Sec. 227. *Order of Judge on issue of fact not reviewable:* 79 S. C., 399. *Contempt was criminal:* 69 S. C., 567.

November 2, 1922.

The opinion of the Court was delivered by Mr. Justice Cothran.

Proceeding for contempt, instituted by the plaintiff in execution against the sheriff of Richland county and T. E. Thrower, one of the defendants, based upon the following facts:

On June 13, 1921, the plaintiff, Workman, recovered a judgment against the defendant Thrower and his codefendant Barrow for $1,444, and on June 30th lodged with the sheriff of Richland county an execution to enforce said judgment. The execution was placed in the hands of one Davis, deputy sheriff, who went to the office of Thrower to levy upon an automobile which was then in the showroom of the building on Main street in the city of Columbia, occupied by Thrower & Simpson Motor Company, a corporation. This was on a day prior to sales day in September. Although the deputy testified that he had then levied upon the car, his statement is nothing more than a legal conclusion, for the sheriff in his return states that, when the deputy proceeded to make the levy, he was informed by Thrower that the automobile did not belong to him, and that accurate information could be procured from the Bank of Columbia, which would verify the statement that the car did not belong to Thrower; "that in view of the circumstances the deputy of this respondent did not take possession of the said automobile, but allowed it to remain where it was"; "that, as he is advised, he is not under duty to an execution creditor to levy upon, hold, and sell property, the title to which is in dispute, unless he is properly identified."

Notwithstanding the fact that the sheriff had not made a levy upon and taken possession of the car, he, at the instance of the plaintiff's attorneys, advertised the car for sale on sales day in September, and sold it to the highest bidder for $2,200. Whether before or after the sale it is not clear, the deputy sheriff went to the defendant's place of business on the day of sale for the car, but the place was locked up; the day being a holiday, Labor Day. On Tuesday following he went again but Thrower was out, and

the lady there declined to let him have the car in the absence of Thrower. On Wednesday he went again and found that the car had been removed, and that Thrower told him that the car did not belong to him and had been moved, but that he could trace it. The deputy further testified that he had told Thrower to hold the car subject to the order of Sheriff Heise, and that he replied, "That was all right." The record does not show whether this conversation was had before or after the sale. The deputy admitted that all along Thrower had told him that the car belonged to the bank and not to him; that he had carried a receipt to Thrower for him to sign saying that he would hold the car for the sheriff, but Thrower had declined to sign it.

On September 8th, three days after the sale, the plaintiff filed a petition, setting forth substantially the facts above stated, and praying that a rule be issued requiring the sheriff to show cause why he had not carried out the mandate of the Court in taking possession of the car, and that a rule be issued against the defendant Thrower, requiring him to appear and show cause why he should not be attached for contempt of Court in removing and concealing the automobile and keeping the same beyond the reach of the process of the Court. Thereupon, on September 9th, the rule as petitioned for was issued, fixing September 14th for a return thereto.

The sheriff made return as before stated. Thrower also made return, alleging that the automobile in question belonged to Simpson Motor Company, having been sold by him to them prior to August, 1920, and was covered by a mortgage executed by Simpson Motor Company to Bank of Columbia to secure a loan made on April 24, 1920, renewed on October 12, 1920, and paid on August 23, 1921. Accompanying his return was an affidavit of the president of the bank supporting that statement. He denied ever having removed or concealed the car, or having agreed to hold it for the sheriff. Further than the evidence that the

car was at one time in the building in which the defendant conducted his business, as did Simpson Motor Company, retail dealers, and that it had been removed therefrom, there was not a particle of evidence tending to connect the defendant with such removal. Upon the hearing Judge Bowman adjudged the return of Thrower insufficient, and ordered him to immediately deliver the car to the sheriff, or, if he had not the same in his possession, to inform the sheriff where he could get such car, and that upon failure to do so he be committed to jail until he obeyed the order.

On September 15th, the day after the order was signed, the attorneys for Thrower wrote the sheriff in reference thereto; that Thrower was unable to deliver the car for the reason that he did not own it, and had neither possession nor control of it; that all the cars owned by Simpson Motor Company and in their showrooms between July 1 and September 14 were still there, except one car in the paint shop and another sold to one Thrift, of Columbia, and that he could furnish no more definite information, as neither in the petition nor in the Court's order was there a particular description of the automobile.

On the 16th, the next day, Judge Bowman instructed the sheriff, whether or not in consequence of this letter does not appear, to take Thrower into his custody under the order of September 14th. The attorneys for Thrower appeared in Court and applied for an order fixing the amount of a supersedeas bond pending appeal; his Honor refused to do so until Thrower was in the custody of the sheriff. He was taken into custody, and thereupon an order was signed requiring him to give bond in the sum of $3,000 to indemnify the plaintiff in the event that Thrower's appeal from the order of September 14th should not be sustained, and in the sum of $1,000 to abide the judgment of the Supreme Court in the same event. The defendant Thrower has appealed upon exceptions which sufficiently present the question hereinafter discussed.

So far as this defendant is concerned, the proceeding is to attach him for contempt of Court in removing and concealing a certain automobile from the sheriff of Richland county. The rule to show cause is the indictment against him, and the order of the Court should be confined to the conduct charged therein which he was called upon to explain. He was not called upon to inform the sheriff where the automobile was, and the order requiring that of him must of necessity be reversed.

It may be assumed that, if Thrower was in possession of an automobile and the sheriff made a levy upon it, Thrower would be guilty of contempt in removing or concealing it from the sheriff. There is not a particle of evidence tending to establish either fact. The automobile is shown to have been sold to Simpson Motor Company in April, 1920, and to have been covered by a mortgage from Simpson Motor Company to the Bank of Columbia, dated April 24, 1920. While Thrower had his place of business in the same building with Simpson Motor Company, it does not appear that he had the slightest connection with the business of that corporation. He and his codefendant Barrow, partners as Barrow Motor & Truck Company, had the state agency for certain cars, and Simpson Motor Company was the retail agent therefor in and around Columbia, purchasing the cars on their own account and mortgaging them to the bank in order to finance their business.

It does not appear that Thrower was in possession of the car or had the slightest control over it. The irresistible conclusion is that, as it had been sold to Simpson Motor Company, mortgaged by it to the bank, and in its showroom, it was in the possession of that company. There is likewise an entire absence of evidence that Thrower has at any time removed or concealed the car. In fact, the evidence showing ownership of the car in Simpson Motor Company negatives the suggestion even that Thrower may have dis-

posed of a car which did not belong to him and was not in his possession.

The Circuit Judge based his conclusion on the testimony of Davis, holding that Davis had levied upon the car and left it with Thrower, under his promise to deliver it to the sheriff when called for. It is perfectly plain from the sheriff's return that no levy had been made, and the petition asserts that "the sheriff never took absolute possession of said car." The engagement of Thrower (if it existed, which is extremely doubtful, in view of his declining to sign a receipt to that effect, and all the while protesting that he did not own the car) to hold the car for the sheriff would not constitute him the agent of the sheriff, unless the sheriff had taken possession of the car; and, if he had done so, the engagement would have been a personal one between the two, in the absence of evidence that Thrower owned the car.

The effect of the order is to require the defendant to go to jail and stay there until he produces an automobile which he does not own, and which he has not been shown to have removed or concealed, upon the doubtful evidence that, although not owning or controlling or in possession of it, he agreed to hold it subject to the order of the sheriff, and upon the assumption that, simply because he had an office in the same building with the owner, he was in control of the car, although the evidence is uncontradicted that it was owned by and mortgaged to others.

The order appealed from is reversed.